## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ENVIRONMENTAL, SAFETY & HEALTH CONSULTING SERVICES, INC.** | * CIVIL ACTION NO. 22-3285 <br> * <br> * SECTION <br> * |
| **versus** | * JUDGE <br> * <br> * DIVISION |
| **DONJON-SMIT, LLC** | * <br> * MAG. JUDGE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Environmental, Safety & Health Consulting Services, Inc. ("ES&H"), who files this Complaint against Defendant, Donjon-Smit, LLC ("DJ-S"), and in support thereof respectfully avers as follows:

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there is complete diversity between the parties and the amount in controversy exceeds $75,000.

2.

ES&H is a Louisiana corporation with its principal place of business in Houma, Louisiana.

3.

Upon information and belief, DJ-S is a Delaware limited liability company whose members are not Louisiana residents. DJ-S is registered to do and doing business within the State of Louisiana and is doing business within the jurisdiction of this Honorable Court.

4.

ES&H brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201; for breach of contract; for unjust enrichment; and for damages.

5.

On April 26, 2021, DJ-S and ES&H entered into a DJ-S Master Service Contract ("MSC"). The MSC was signed on behalf of ES&H by Donald Nalty, Vice-President, in Laplace, Louisiana.

6.

Pursuant to the MSC, DJ-S hired ES&H to perform industrial services work, including but not limited to transportation, disposal, and cleaning. ES&H assigned Job Number 01-163-22-13 for the work and issued Invoice Number 1-61340, in the amount of $356,843.95, on March 14, 2022 for the work performed. The due date for payment of the invoice was April 13, 2022.

7.

DJ-S did not dispute the amount of ES&H's invoice.

8.

The MSC provides for interest at the rate of one percent per month, payable with each invoice amount, for all invoices that go unpaid after thirty days of receipt by DJ-S.

9.

On or around April 13, 2022, ES&H forwarded email correspondence to DJ-S and inquiring about the status of payment of ES&H's Invoice Number 1-61340 in the amount of $356,843.95.

10.

On or around April 14, 2022, DJ-S responded that it had wired $356,834.95 to ES&H. However, ES&H's bank never received a wire transfer in that amount from DJ-S.

11.

Further investigation revealed that DJ-S had wired the funds to a bank account that did not belong to ES&H. Rather, the money was wired to a bank account identified in a fraudulent email sent under the guise of an ES&H employee. Upon belief, the ES&H employee's email account was hacked.

12.

Based upon prior dealings between the parties, DJ-S should have discovered that the email with fraudulent wiring instructions was not in fact sent on behalf of ES&H. DJ-S was in the best position to have prevented the loss through: following the same procedure it employed with ES&H when changing ES&H's banking information in December 2021; careful reading of the emails it received from the hacker; confirmation of the information DJ-S was receiving by a telephone call to the ES&H employee with whom it had dealt in December 2021, or ES&H's accounting department, or another ES&H employee with whom DJ-S was familiar; recognizing that the fraudulent instructions DJ-S received were not on the DJ-S wiring information form which DJ-S required ES&H to complete in December 2021; identifying obvious mistakes and inconsistent statements in the fraudulent emails sent to DJ-S that called into question the

legitimacy of the information in the emails as well as the emails themselves; employing a training program to assist DJ-S employees and training them on an ongoing basis in identifying phishing, spoofing, hacking, and other nefarious activities conducted over the internet; informing itself on an ongoing basis of the latest schemes used by nefarious actors over the internet to move money; recognizing that the bank to which the fraudulent email was directing wire transfers was in Kentucky, not Louisiana, where ES&H is based, and confirming with ES&H before wiring money to that bank; recognizing the errors in the language of the fraudulent wiring instructions; learning from prior experience DJ-S had with business email compromise; and other acts and omissions to be shown at trial. Accordingly, DJ-S must bear the loss resulting from its wire transfer.

13.

ES&H seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, holding DJ-S bears the loss resulting from its wire transfer and must pay ES&H the full amount of the invoice in question.

14.

DJ-S has breached its contract with ES&H by failing to make payment of $356,834.95, plus one percent interest per month until the principal amount is paid. Accordingly, ES&H is entitled to judgment in its favor and against DJ-S for breach of contract and for damages, interest, costs, and expenses incurred as a result of DJ-S's breach.

15.

Alternatively, DJ-S has been unjustly enriched to the detriment of ES&H. ES&H provided the agreed services to DJ-S, allowing DJ-S to meet its business obligations. As a result

of DJ-S's unjust enrichment without cause or justification, ES&H is entitled to recover the sum it is owed, plus interest and costs.

**WHEREFORE**, Plaintiff, Environmental, Safety & Health Consulting Services, Inc., prays that process may be issued against Donjon-Smit, LLC citing it to appear and answer the allegations of this Complaint; that Environmental, Safety & Health Consulting Services, Inc.'s Complaint be deemed good and sufficient and that after due proceedings had, Environmental, Safety & Health Consulting Services, Inc. may have judgment against Donjon-Smit, LLC, as aforesaid and for damages, plus prejudgment and post-judgment interest, and all costs and expenses of this proceeding; and that Environmental, Safety & Health Consulting Services, Inc. shall have such other and further relief as is just and equitable under the circumstances.

    Respectfully submitted,

    **ADAMS AND REESE LLP**

    *s/ Charles A. Cerise, Jr.*
    **James T. Rogers III (#21845)**
    **Charles A. Cerise, Jr. (#1755)**
    **Jeffrey E. Richardson (#23273)**
    **Luke G. LaHaye (#38809)**
    jim.rogers@arlaw.com
    charles.cerise@arlaw.com
    jeff.richardson@arlaw.com
    luke.lahaye@arlaw.com
    701 Poydras Street, Suite 4500
    New Orleans, LA 70139
    Telephone: (504) 581-3234
    *Attorneys for Environmental, Safety & Health Consulting Services, Inc.*

**CLERK, PLEASE ISSUE SUMMONS FOR:**
Donjon-Smit, LLC,
Through its registered agent for service of process:
Capitol Corporate Services, Inc.
8550 United Plaza Building II, Suite 305
Baton Rouge, LA 70809